IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANA DOALI-MILLER,
        Plaintiff,                   *

    v.                                  *        Civil No. JFM-10-2422

SUPERVALUE INC., t/a SAVE-A-LOT,  *
        Defendant.             *

******

MEMORANDUM

On or about July 15, 2010, Plaintiff Ana Doali-Miller filed a complaint for premises liability against Defendant SuperValu, Inc., t/a Save-A-Lot in the Circuit Court for Baltimore City, alleging personal injury and mental anguish resulting from contact with a jagged pole located on Defendant's property on April 2, 2010. (ECF No. 2.) Defendant removed the action to this Court on September 2, 2010, pursuant to 28 U.S.C. § 1441(a), claiming diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.) Now pending is Defendant's motion for summary judgment. (ECF No. 20.) The issues are fully briefed and this Court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion is denied.

**I.    Background**

Plaintiff was attempting to retrieve a shopping cart from Defendant's grocery retail store located at 1500-1516 Havenwood Road in Baltimore, Maryland during the afternoon of April 2, 2010, when Plaintiff came into contact with a jagged pole on Defendant's property. (Compl. ¶¶ 1-2.) Plaintiff describes the pole as "green, rusted green, and the rust color was dark brown, just worn out. . . ." (Doali-Miller Dep. 37:18-37:21, Jan. 14, 2011.) Plaintiff claims that the pole cut through her pants and cut her left groin. (*See id.* at 36:12-36:22.) As a result, Plaintiff avers

1

that she has "suffered serious personal injuries and mental anguish that required emergency and ongoing medical care, from which she incurred bills and expenses." (Compl. ¶ 4.) Plaintiff claims compensatory damages of $200,000, with costs and interest. (*Id.*)

## II. Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). Accordingly, summary judgment is inappropriate if there clearly exists factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see JKC Holding Co., LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the nonmoving party. *See Emmett*, 532 F.3d at 297. "A mere scintilla of proof, however, will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.

## III. Analysis

Plaintiff alleges that the pole causing her injuries "was owned and maintained by Defendant, which negligently breached its duty to provide a safe environment, free of objects that it reasonably should have known posed dangers to its customers." (Compl. ¶ 3.) Defendant seeks summary judgment on Plaintiff's claims, arguing that Plaintiff has failed to establish a *prima facie* case of negligence. (Def.'s Mot. for Summ. J. 3.)

2

At the time of the accident, as "a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public," Plaintiff was Defendant's invitee. *See* Restatement (Second) of Torts § 332(a)(2) (1965). Maryland has adopted the general rule regarding the liability of possessors of land to invitees set forth in the Restatement (Second) of Torts § 343 (1965). *See Deering Woods Condo. Ass'n v. Spoon*, 833 A.2d 17, 24 (Md. 2003). Section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965).

"It is the law in Maryland . . . that the proprietor of a store owes a duty to . . . [an invitee] to exercise ordinary care to keep the premises in a reasonably safe condition, and will be liable for injuries sustained in consequence of a failure to do so." *Rawls v. Hochschild, Kohn & Co., Inc.*, 113 A.2d 405, 407 (Md. 1955). "The duties of a business invitor thus include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 693 A.2d 370, 374 (Md. Ct. Spec. App. 1997). However, "[t]he burden is upon the [invitee] to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence" prior to the invitee's injury. *Moulden v. Greenbelt Consumer Services, Inc.*, 210 A.2d 724, 726 (Md. 1965). If the invitee alleges constructive knowledge, the invitee must demonstrate that the defective condition existed long enough to permit the proprietor to inspect, discover, and

remedy the condition prior to the injury. *See Deering Woods*, 833 A.2d at 26-27; *Maans v. Giant of Md., LLC*, 871 A.2d 627, 634 (Md. Ct. Spec. App. 2005). Maryland courts refer to this constructive knowledge requirement as proof of "time on the floor." *See Maans*, 871 A.2d at 638.

Defendant argues that in the instant case "there are no facts from which reasonable jurors could conclude that Defendant had notice, actual or constructive of the dangerous condition." (Def.'s Mot. for Summ. J. 7.) Defendant claims that Plaintiff has not provided "time on the floor" evidence, and therefore, "it is impossible for this Court to determine whether Defendant gained knowledge in a sufficient time to correct the defect or warn the Plaintiff." (*Id.* at 9.) Plaintiff responds that it is "a reasonable inference that a broken rusted pole has been in that condition for some time as opposed to just occurring prior to the plaintiff's injury." (Pl.'s Resp. 4.) Defendant counters that evidence of rust is insufficient to demonstrate that the pole "had been broken for any appreciable period of time." (Def.'s Reply 3.) I find that whether the existence of rust on the pole demonstrates that the pole presented a dangerous condition for a period long enough to permit the Defendant to discover and remedy the condition prior to Plaintiff's injury presents an issue of material fact, requiring resolution by a factfinder, and precluding judgment as a matter of law. Accordingly, Defendant's motion for summary judgment is denied.

A separate order is being entered herewith.

| May 19, 2010 | /s/ |
|---|---|
| Date | J. Frederick Motz |
| | United States District Judge |